Filed 2/8/16  P. v. Rodriguez CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B264331 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA102151) |
| v. | |
| HERMINIO RODRIGUEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Jack P. Hunt, Judge.  Affirmed.

Brad Kaiserman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Herminio Rodriguez appeals from the trial court's order denying his motion to reduce his first-degree burglary conviction to a misdemeanor and petition to resentence pursuant to Penal Code section 1170.18,[1] which was added by Proposition 47. Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) requesting that this court review the entire record to determine if there are any arguable appellate issues. We notified defendant that he could independently brief any grounds for appeal, contentions, or arguments he wanted us to consider. Defendant did not file a supplemental brief. We affirm the order.

## PROCEDURAL BACKGROUND

In November 2013, pursuant to a plea agreement, defendant pleaded no contest to one count of first-degree burglary in violation of section 459. He also admitted he had a prior strike conviction within the meaning of sections 667, subdivisions (b) through (j) and 1170.12 and two prior serious felony convictions within the meaning of section 667, subdivision (a)(1). The trial court sentenced defendant to an aggregate prison term of 18 years.

In February 2015, defendant filed a motion to reduce his first-degree burglary conviction to a misdemeanor and a petition for resentencing pursuant to Proposition 47 (section 1170.18, subdivisions (a) and (f)). The motion and petition asserted that defendant had been convicted of second-degree burglary, shoplifting, in violation of section 459.5. The trial court denied the motion and petition stating that defendant's conviction was for "first-degree residential burglary," not shoplifting.

---

[1] All further statutory references are to the Penal Code.

2

## DISCUSSION

Pursuant to *People v. Wende, supra*, 25 Cal.3d 436, we examined the record concerning defendant's motion and petition to determine if there are any arguable issues on appeal. Based on that independent review, we have determined there are no arguable issues on appeal because the trial court correctly concluded that defendant's conviction on the first-degree burglary charge did not qualify him for the relief he sought under section 1170.18. Defendant's appointed counsel has fully satisfied his responsibilities under *Wende, supra*, 25 Cal.3d 436.

## DISPOSITION

The order denying defendant's motion to reduce his first-degree burglary conviction to a misdemeanor and petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KUMAR, J.[*]

We concur:


KRIEGLER, Acting P. J.


BAKER, J.

---

[*] Judge of the Superior Court of the County of Los Angeles, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.